UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANDRES M. HOLLIDAY, ARACELI M.
HOLLIDAY, MICHAEL JOSEPH
KEARNS,

       Plaintiffs,

v.

       No. SA-19-CV-0229-JKP

SELECT PORTFOLIO SERVICING, INC,
WELLS FARGO BANK, NA,
MORTGAGE ELECTRONIC
SERVICING, UNKNOWN
DEFENDANTS, 1-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the above-captioned action in which Andres M. Holliday, Araceli M. Holliday, and Michael Joseph Kearns are Plaintiffs and Mortgage Electronic Servicing, Select Portfolio Servicing, Inc., and Wells Fargo Bank, N.A. are named as Defendants.

The court notes that the original petition and attachments in this action are substantially similar to a complaint filed by Andres M. Holliday and Araceli M. Holliday in this court under Case No. 5:11-CV-1133. In the previous action, Plaintiffs alleged causes of action under the RICO Act, Truth in Lending Act, Regulation Z, and RESPA. Plaintiffs now assert that the same facts support a cause of action for trespass to try title, damages under the Texas Deceptive Trade Practices Act, and for declaratory judgment.[1] Because the claims in Plaintiffs' prior action were dismissed with prejudice, the claims asserted here are clearly barred by res judicata.

---

[1] In a third related action, on October 5, 2009, Plaintiffs Andres M. Holliday and Araceli M. Holliday commenced an action in the 131st Judicial District Court of Bexar County, Texas. Upon substantially similar facts and regarding the same subject property, Plaintiffs there alleged a claim under the Texas Deceptive Trade Practices Act and claims

## I. Procedural History: The Present Action

On February 15, 2019, Plaintiffs filed a petition in the 57th Judicial District Court of Bexar County, Texas, alleging they are the owners of property located at 6629 Kings Crown East, San Antonio, Texas 78233. ECF No. 1-4. The petition named as Defendants Mortgage Electronic Servicing ("MERS"), Select Portfolio Servicing, Inc. ("Select"), Wells Fargo Bank, N.A., and McCarthy & Holthus, LLP ("McCarthy"). Plaintiffs' petition seeks to prevent foreclosure of the property, alleging claims for trespass to try title and declaratory judgment. *Id*. On February 28, 2019, a temporary restraining order was issued in state court, preventing the sale of the property. ECF No. 1-7; ECF No. 1-8.

On March 8, 2019, Defendants removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1. On March 20, 2019, Plaintiffs timely filed their original motion to remand (ECF No. 3), then filed an amended motion to remand on April 18, 2019 (ECF No. 18), and a supplemental motion to remand on April 29, 2019 (ECF No. 21). Defendants MERS, Select, and Wells Fargo filed a response in opposition to the first two motions to remand on April 25, 2019 (ECF No. 20). On March 27, 2019, Defendant McCarthy filed a motion to dismiss (ECF No. 8). Plaintiffs filed a response in opposition on April 8, 2019 (ECF No. 13); McCarthy filed a reply on April 10, 2019 (ECF No. 14). Plaintiffs also filed motions for judicial notice and for sanctions (ECF Nos. 21, 22, 23).

On May 29, 2019, the Honorable David A. Ezra denied Plaintiffs' Amended Notice of Fraudulent Removal and Demand to Remand to State Court (ECF Nos. 3, 18); granted

---

for fraud, negligence, and breach of contract. On October 12, 2010, the Bexar County Court entered summary judgment in favor of BAC Home Loans Servicing against Plaintiffs. On December 7, 2010, the Court severed BAC from the suit to affect final judgment. The remaining parties and claims were dismissed for want of prosecution on January 26, 2016. *See* United States District Court Records, Case No. 5:11-cv-1133. *See also* Bexar County Court Records, Case #2009CI16239, https://search.bexar.org/ (last visited Dec. 12, 2019).

McCarthy's Motion to Dismiss (ECF No. 8); denied Plaintiffs' Supplemental Motion for Remand (ECF No. 21), Motion for Judicial Notice and for Sanctions (ECF No. 22), and Second Demand for Judicial Notice (ECF No. 23). Judge Ezra's Order cautioned Plaintiffs against filing frivolous or superfluous filings, warning that the Court will consider sanctions and entertain a motion by Defendants for fees and costs in responding to Plaintiffs' frivolous filings. ECF No. 26.

On July 22, 2019, the remaining named Defendants filed their Motion for Judgment on the Pleadings (ECF No. 33). This motion was followed by Plaintiffs' pro se Independent Action Complaint | Complaint for Declaratory Judgment, docketed as pro se Motion for Declaratory Judgment (ECF No. 38); Defendants' Motion to Strike, Motion to Dismiss (ECF No. 41); Plaintiffs' pro se Demand to Take Judicial Notice and Demand for Immediate Order/Judgment, docketed as a motion (ECF No. 44); and Plaintiffs' pro se Demand for Felony Criminal Indictment, for Aggravated Perury, (sic) Fraud on the Court, and Conspiracy to Commit the Above, docketed as a motion (ECF No. 45).

The action was reassigned to the undersigned on August 12, 2019 (ECF No. 42).

## II. Legal Standard

A court may dismiss an action "sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court." *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised." *Arizona v. California*, 530 U.S. 392, 412 (2000). Dismissal under Rule 12(b)(6) on

3

res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. *Dean v. Miss. Bd. of Bar Admissions*, 394 Fed. Appx. 172, 175 (5th Cir. 2010).

## III. Discussion

Res judicata bars "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). A prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id*. As to the fourth condition, "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Id*. In other words, the fourth condition is met if the claims could or should have been brought in the first action. *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983). "True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016).

First, the parties common to this action and the previous action are Andres M. Holliday, Araceli M. Holliday, and Wells Fargo Bank, N.A. The parties named in this action that were not named in the previous action are Defendants Mortgage Electronic Servicing and Select Portfolio Servicing, and Plaintiff Michael Joseph Kearns. As the mortgage holder and mortgage servicer, Wells Fargo Bank, N.A. and Select Portfolio Servicing are in privity for res judicata purposes. "The relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata." *Bellot v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (citing *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 473 (5th Cir. 2013)). The original petition

in this action demonstrates Mortgage Electronic Servicing is a misnomer for Mortgage Electronic Registration Systems (MERS), which was a named Defendant in the previous action. *See* ECF No. 1-4 at 3.

With respect to Kearns, the Plaintiffs' original petition in this action alleges "[a]t all times mentioned, plaintiffs were, and are, the owners in fee simple of a parcel of land and of all improvements on that land, located in Bexar County, Texas." ECF No. 1-4 at 3. There are no other references or facts connecting Kearns to the litigation; not in the petition nor the thirty-nine pages attached thereto. Thus, it appears Plaintiffs Andres and Araceli Holliday have attempted to avoid res judicata by adding Kearns.[2] Where the "alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit," a plaintiff "may not avoid the application of res judicata by adding new parties." *Endsley v. City of Macon, Ga.*, 321 Fed. Appx. 811, 814 (11th Cir. 2008) (quoting *Caswell v. Caswell*, 290 S.E.2d 171, 172 (1982)). Kearns' alleged claims in this action are based on the "same operative facts and acts of misconduct which were the subject of the [previous] suit." *Caswell*, 290 S.E.2d at 172. Consequently, the Court finds identity of the relevant parties in the previous action and the present action sufficient to support the application of res judicata.

---

[2] In his Order of May, 29, 2019, Judge Ezra noted:

> Plaintiff Kearns has a history of bad faith litigation and frivolous filings in federal court. *See Texas v. Kearns*, 5:14-CV-27-DAE, 2014 WL 258786, at *2 (W.D. Tex. Jan. 23, 2014); *Chase Home Fin. v. Kearns*, No. A–12–CV–5 (W.D. Tex. Jan. 17, 2012) (sanctioning Kearns $1,000 and enjoining him from filing or removing cases to federal court without paying the sanction or receiving permission from a federal judge or the Fifth Circuit); *Kearns v. Fed. Home Loan Mortg. Corp.*, No. A–11–CV–642 (W.D. Tex. Nov. 23, 2011) (sanctioning Kearns $5,000 for filing a frivolous complaint for damages); *Kearns v. Caraway*, No. SA08–CV–393–FB (W.D. Tex. May 15, 2008) (sanctioning Kearns $5,000 for filing a frivolous notice of removal). Additionally, Mr. Kearns has been charged and convicted of filing fraudulent court records. *Kearns v. State*, No. 11-14-00081-CR, 2016 at *1 (Tex. App.—Eastland Mar. 2, 2016, no pet.).

ECF No. 26 at 9.

Second, the judgment in the prior action, No. 5:11-CV-1133, was rendered by the United States District Court, Western District of Texas, San Antonio Division—a court of competent jurisdiction. Third, the prior action was concluded by a final judgment on the merits. Except, in the previous action, Plaintiffs' claims against MERS were dismissed without prejudice for failure to serve. In this action, MERS was served and answered Plaintiffs' original petition. Plaintiffs' petition, even liberally construed, does not assert a cause of action against MERS. The only two references to MERS in the original petition in this action are in the caption and the section listing the parties. *See* ECF No. 1-4 at 1-2. The only reference to MERS in the attachments to Plaintiffs' petition, is an inquiry asking if the subject mortgage had ever been assigned via MERS. *See* ECF No. 1-4 at 20, 23, 31. Accordingly, any purported claims against MERS in this action do not impact the application of res judicata.

Fourth, the claims and causes of action raised by Plaintiffs in both actions were related to a promissory note and deed of trust for a loan on a home located at 6629 Kings Crown East, San Antonio, Texas 78233. Both lawsuits were filed in connection with a scheduled foreclosure sale of the property. See TRO, Case No. 19-cv-229, ECF Nos. 1-7 and 1-8; Order, Case No. 11-cv-1133, ECF No. 1 at 1. Thus, all of Plaintiffs' claims in this action could have been brought in the prior action, and must be dismissed. *Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 737-38 (5th Cir. 2015).

### IV. Conclusion

While "the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, No. CIV.A. H-94-4207, 881 F. Supp. 276, 277 (S.D. Tex. 1995). "District courts have an obligation to protect the orderly

6

administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants; and [*p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Accordingly, it is ORDERED:

1. This action is DISMISSED WITH PREJUDICE.

2. The Clerk is DIRECTED to enter judgment that Plaintiffs take nothing.

3. Defendants are awarded their costs of court and must file a Bill of Costs in the form required by the Clerk of Court within fourteen days of the judgment.

4. All other pending motions in this action are DENIED AS MOOT.

It is so ORDERED.

SIGNED this 13th day of December 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE